UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARS ANKERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-905- RLY-TAB |
| | ) | |
| OPTION CARE ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Plaintiff Lars Ankersen filed a motion for an extension of time to complete discovery. [Docket No. 42.] Such a routine motion would normally be submitted by agreement and approved. However, Plaintiff's motion drew an objection, and rightly so. As set forth below, Plaintiff's motion not only fails to set forth an adequate basis for an extension, it contains false representations and unfounded attacks against Defendant Option Care Enterprises, Inc.

Plaintiff's motion seeks a 30-day enlargement of the June 4, 2007 non-expert discovery deadline. Plaintiff requests the additional time to take a Rule 30(b)(6) deposition and to depose fact witness Jennifer Kelley. [Docket No. 42, p. 1.] Plaintiff represents to the Court that he "just learned Ms. Kelley is refusing to cooperate with him." [Docket No. 42, ¶ 16.] As more fully set forth in Defendant's response to Plaintiff's motion, this statement is blatantly false.

Defendant's in-house counsel informed Plaintiff by letter more than 16 months ago that Kelley had requested Plaintiff not make any more attempts to contact her. [Docket No. 45, p. 3; Docket No. 45, Ex. B.] According to the Defendant, Plaintiff's counsel produced a copy of this letter to Defendant in discovery in late fall of 2006, so Plaintiff's counsel was aware of this letter.

[Docket No. 45, p. 3.]  In fact, Plaintiff's counsel wrote a letter to Kelley dated May 17, 2007 which stated in relevant part, "When this lawsuit began, an attorney for Option Care sent a threatening letter to [Plaintiff] notifying him that you did not wish to have any contact with him. Since that time, both [Plaintiff] and I have tried to respect your wishes."  [Docket No. 45, Ex. C.] Thus, Plaintiff's contention that he "just learned" that Kelley is refusing to cooperate with him is false.

Plaintiff also asserts in his motion, "Ankersen has not been dilatory in completing discovery, and has spent enormous resources of time and money over the course of the last six months to continue towards the trial date."  [Docket No. 42, ¶ 8.]  The history of this case actually reveals quite the opposite.  At a December 13, 2006 status conference – more than six months after Defendant removed this action to federal court – Plaintiff's counsel advised the Magistrate Judge that he had not conducted any discovery whatsoever (despite listing numerous individuals Plaintiff wanted to depose).  Plaintiff's failure to conduct any discovery whatsoever during the first six months of this case may rightly be described as "dilatory."

Not much has changed since the December 13 conference, even though Plaintiff represents otherwise.  In his motion for extension of time, Plaintiff contends that since the December 13 conference "the depositions of Ankersen, Mickie Tanesky, George Budd, and Vicki Ankersen have been completed."  [Docket No. 42, ¶ 8.]  What Plaintiff neglects to mention in his motion, however, is that it was the Defendant that noticed and took the depositions of all of the foregoing individuals except Budd.  [Docket No. 45, p. 10.]  In fact, as Defendant correctly points out, "Plaintiff inexplicably allowed written discovery to close on April 5 without serving a single document request, interrogatory, or third-party subpoena (or attempting to seek an extension of the written discovery deadline)."  [Docket No. 45, p. 9.]

In light of the foregoing, Plaintiff cannot plausibly assert that he has not been "dilatory" in completing discovery, and that he has spent "enormous resources of time and money" over the last six months preparing for trial. Defendant characterizes Plaintiff's assertion as "mind-boggling," which seems apt. [Docket No. 45, p. 10].

Even more troubling are Plaintiff's unnecessary and unsupported barbs hurled at Defendant. For example, Plaintiff asserts, "To their credit, the Defendant has been very creative in its litigation approach by endeavoring to complicate this otherwise simple case. This approach has forced Ankersen to incur significant, yet unnecessary litigation fees." [Docket No. 42, ¶ 10]. Plaintiff does not explain how Defendant has allegedly complicated this case, but the Court has not observed anything to substantiate this allegation. Likewise, Plaintiff's contention that Defendant's conduct has forced Plaintiff to incur "unnecessary litigation fees" has no apparent factual support.

Plaintiff also states, "[T]here is a concern that Kelley's inability to cooperate informally with Ankersen is based on a subjective belief cooperating with Ankersen will expose Kelley to legal reprisals by the Defendant." [Docket No. 42, ¶ 18.] In making this assertion, Plaintiff has accused Defendant of coercing Kelley and threatening to retaliate against her if she cooperates with the Plaintiff. As Defendant points out, neither Plaintiff nor her counsel ever spoke to Kelley, so this allegation is baseless. Moreover, Kelley's affidavit completely refutes this allegation. [Docket No. 45, Ex. A.]

Plaintiff's motion for extension of time is long on accusations but short on any justification for the requested extension. The only factor favoring Plaintiff's request is that Plaintiff has not previously requested an extension of the discovery deadline. But that is not surprising considering Plaintiff has conducted almost no discovery.

The Case Management Plan contained an agreed upon, Court-approved deadline of May 4, 2007 to complete non-expert witness discovery. [Docket Nos. 12, 13.] Defendant requested and received a 30-day enlargement of this deadline to June 4, 2007. Plaintiff has given the Court no reason to further extend this deadline.[1] Plaintiff's motion for extension of discovery [Docket No. 42] is denied.

Dated:  06/21/2007

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Copies to:

Patrick F. Mastrian III
BROWN TOMPKINS & LORY
pmastrian@brown-tompkins-lory.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Jena M. Valdetero
BRYAN CAVE LLP
jena.valdetero@bryancave.com

William J. Wortel
BRYAN CAVE LLP
bill.wortel@bryancave.com

---

[1] Plaintiff makes other arguments in his motion in support of an extension, but Defendant's response appropriately dispatches each point Plaintiff raises. In light of Defendant's thorough response, additional discussion of these issues is not necessary here.